(10 Misc. Rep. 61.)

ABBEY v. WHEELER et al.

(Supreme Court, Special Term, New York County. October, 1894.)

TENANTS IN COMMON—ACCOUNTING TO COTENANTS.

Where a tenant in common removes minerals from the premises owned in common, he is liable in equity to account to his cotenant for the proceeds thereof.

Action by Frank R. Abbey, an infant, by his guardian ad litem, against Jerome B. Wheeler and others, for an accounting and for other relief. Defendant Wheeler demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action; that the court has no jurisdiction; and that two causes of action are improperly united. Overruled.

Treadwell Cleveland and Henry W. Hardon, for plaintiff.
A. C. Brown, for defendant.

INGRAHAM, J. The complaint demands judgment—First, that the defendant Jerome B. Wheeler account for certain minerals taken and removed from the mine described in the complaint, and for the sale thereof, and that he pay to plaintiff his proportion thereof; and, second, that the rights and interests, if any, of the defendant Daniel Talmage, as executor of the will of Charles F. Abbey, deceased, and of the defendant Anna M. Heath, in the premises, be ascertained and settled. The defendant demurs to the complaint on three grounds: (1) That the court has no jurisdiction; (2) that two causes of action are improperly united; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

No demurrer is allowed by the Code on the ground that there are too many parties to the action, or that, as against some other person than the defendant demurring, no cause of action is alleged; and whether or not there is any cause of action alleged as against the executor or the other defendant, Heath, it is not necessary for me to determine. The question is whether there is a good cause of action alleged against this defendant demurring, and whether the court has jurisdiction as to that cause of action. The mere fact that the plaintiff asked for too much relief, or relief that will not be granted in this action, is not a ground for demurrer. If, from the facts alleged, plaintiff is entitled to any of the relief asked, the demurrer must be overruled.

The complaint expressly alleges that, at the time of his death, one Abbey was the owner of an undivided fifth part of a piece of land, in the state of Colorado, known as the "Emma Mining Claim," and was the owner of an undivided two-thirds of a lease of the remaining four-fifths of the said mining claim, and that one Nevitt was the owner of the other undivided third part of said lease; that the defendant Wheeler became the owner of the fee of the undivided four-fifths of said mining claim, subject to said lease; and that about May, 1884, by some arrangement with Nevitt, Wheeler took possession of the mining claim and worked a mine thereon, and took and removed from said mine a large quantity of mineral, of the value of $700,000, and sold the same, and received therefor to the plaintiff's use upward of $250,000. The plaintiff claims as beneficiary under the will of the said Abbey, who, under this allegation of the complaint (admitted to be true by the defendant), was the owner of an undivided fifth part of the fee of the property, and of an undivided two-thirds of a lease of the remaining four-fifths of the property, and who, being such owner, died in the city of New York. After his death, Wheeler entered upon the premises, and removed the ore therefrom, he being at the time the owner in fee of four-fifths of the mining claim, subject to the lease.

If, under the laws of this state, the tenant in common of either the fee of a mining property or of a lease thereof is entitled to maintain an action for an accounting as against his cotenant, there is a good cause of action alleged in the complaint. It was held in the case of McCabe v. McCabe, 18 Hun, 154, that where a tenant in common has taken from the property a large quantity of stone, and has sold the same and received the proceeds thereof, such tenant is liable to account to his cotenant for the value of the property taken. I do not find that the decision in that case has been questioned, and it would seem to me to be based entirely upon sound principles, and not at all in conflict with the rule that where one tenant in common occupies the premises held in common, without receiving any benefit from it except the mere fact of occupancy, he cannot be compelled to account to his cotenant for the use and occupation of the premises. It has been long settled that where one tenant in common rents premises held in common and receives the rents and profits thereof, he can be compelled to account; or, if he occupies the premises under an agreement with his cotenant that he will be responsible for the value of the premises, he can be compelled to account; and this liability is based upon the fact that the cotenant has received money for the use of the premises, a part of which belongs to his cotenant. Applying the same principle, the same rule should govern a case where the tenant in common removes from the premises held in common a portion of the said premises, for which he has received a valuable consideration. It is entirely distinct from mere occupancy where the premises are not deteriorated in value by the use to which they are put, but rather are preserved by the occupancy. But in the case

of a tenant in common cutting down the trees, and selling the timber, or removing minerals from the mines on the premises, or carting away the earth or stone upon the premises, and disposing of what is removed for value, the value of the premises themselves are to that extent reduced; and for that deterioration of the value the person who commits the act and receives the benefit is certainly the one to be liable, and the only one that could be liable, for the injury sustained by the tenant in common not in possession because of the acts of his cotenant; and this would apply, whether the parties are tenants in common of the fee in the premises, or of a lease of the premises with the right to the lessees to remove minerals or work the mines.   In either case I think it clear that an action for an accounting will lie, and also that the court has jurisdiction of the action, whether it is based upon the right of the plaintiff as cotenant of the fee or of the lease.   The action is not for tort, is not based upon a wrong committed by one cotenant as against the other, but assumes that the cotenant acted as the agent of his tenant in common, and became thereby a trustee of the property that he disposed of and sold.   It is not an action for trespass.   The plaintiff, who is a resident of this state, certainly should not be thrown out of court when he asks a judgment against the defendant, who is also a resident of this state, because the property out of which the demand arises is situated in another state.   Nor do I think there are two causes of action alleged in the complaint. There is but one cause of action, and that is for an accounting. The will is alleged, and others are made parties as claiming some interest in the money that will be recovered from the defendant Wheeler; and the court is asked to determine, in this equity action for an accounting, as to the rights of all parties to the action in the money that is due from the defendant.   Whether either of the other defendants could demur on the ground that there is no cause of action as against them is not before me for decision.   It is sufficient to say that the plaintiff has a cause of action, being entitled to the income and proceeds of the testator's lands and leases; and, as such, is entitled to make all persons who claim an interest in the subject-matter of the action, or whose presence is necessary for a complete determination of all questions involved in the title to the amount due from Wheeler (if anything should be held to be due), parties to the action.

The demurrer, therefore, must be overruled.   Judgment ordered for the plaintiff, with costs, with leave to the defendant to withdraw the demurrer, and answer in 20 days, upon payment of costs.